IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MALINDA A. MORROW-KITCHINGS,   }
                               }
     Plaintiff,                }
                               }   CIVIL ACTION NO.
                               }   03-AR-0665-S
v.                             }
                               }
ANTHONY PRINCIPI, SECRETARY    }
DEPARTMENT OF VETERANS         }
AFFAIRS,                       }
                               }
     Defendant.                }



## MEMORANDUM OPINION

Before the court is the motion to dismiss or, in the alternative, for summary judgment filed by defendant, Anthony Principi, Secretary, Department of Veterans Affairs ("Principi"). The court will address the motion pursuant to Rule 56, F.R.Civ.P. Plaintiff, Malinda A. Morrow-Kitchings ("Morrow-Kitchings"), a black female, claims that she was denied a pharmacy technician position with the Department because of her race in violation of Title VII.

### Summary Judgment Facts

Morrow-Kitchings timely exhausted her administrative remedies and then, on March 21, 2003, filed this action. Subsequently, on January 19, 2004, Morrow-Kitchings filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Ohio, Eastern Division. The "Statement of Financial

Affairs" in the petition required the debtor to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of this bankruptcy case." Under penalty of perjury, Morrow-Kitchings listed only one suit in which she was a party, namely, a case pending in Cuyahoga County, Ohio. She obviously knew, then, that pending actions had to be listed. However, this action does not appear anywhere in her original bankruptcy petition. Only after Principi filed his motion for summary judgment, did Morrow-Kitchings amend her petition to add this action as an asset.

### Analysis

Principi contends that Morrow-Kitchings is judicially estopped from proceeding in a suit that she did not disclose when she filed for bankruptcy. This court previously spoke to this issue in *Chandler v. Samford University*, 35 F. Supp. 2d 861 (N.D. Ala. 1999), and found that judicial estoppel acted as a bar to the debtor's assertion of claims not disclosed in a bankruptcy proceeding. This "precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted when inconsistency with one previously asserted would allow the party to 'play fast and loose with the courts.'" *Id.* at 863. The court finds no differences between the facts in *Chandler* and those in the instant case that would warrant a change in the outcome.

Determining whether judicial estoppel is appropriate is a

two-step process. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001). These two factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of the doctrine." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).

There is no dispute in this case as to the existence of the first factor. After she filed her complaint in this court, Morrow-Kitchings swore under penalty of perjury in the bankruptcy court that she did not have such a claim.

Whether Morrow-Kitchings had the requisite intent for meeting the second factor is a slightly more difficult question. Morrow-Kitchings now claims, by way of a conclusory allegation, that her omission was inadvertent and thus cannot be considered "to have been calculated to make a mockery of the judicial system." *Harvey*, 260 F.3d at 1308. She then argues that, if not inadvertent, she has amended her bankruptcy petition to add this action as an asset, so that no harm is done. She provides no evidence to explain or to excuse her obvious failure to list a known asset until after she was caught.

Judicial estoppel only applies to deliberate acts, "not simple error or inadvertence." *Burnes,* 291 F.3d at 1286. However, "deliberate or intentional manipulation can be inferred from the record." *Id.* at 1287. Such an inference can be made if it can be shown that (1) the plaintiff knew about the undisclosed claim and (2) the plaintiff had a motive to conceal the undisclosed claim. *Id.* at 1287-88; *Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1296 (11th Cir. 2003); *De Leon v. Comcar Indus., Inc.,* 321 F.3d 1289, 1291 (11th Cir. 2003); *Chandler,* 35 F.Supp.2d at 864; *but see Parker v. Wendy's Int'l, Inc.*, No. 02-16185, 2004 WL 813174 (11th Cir. Apr. 15, 2004) (holding debtor's failure to list pending discrimination suit as an asset in bankruptcy petition did not judicially estop Chapter 7 trustee from maintaining action). Morrow-Kitchings filed her complaint in this court almost ten months before she filed her bankruptcy petition. She knew about this case at the time she filed for bankruptcy and failed to disclose it. She also knew that a pending suit had to be disclosed. Plus, she had a motive for concealing her suit.

Omitting this action from her bankruptcy petition would have prevented any proceeds from this action from going to Morrow-Kitchings' creditors, thus enabling her to keep the proceeds for herself, that is, unless she amended her petition -- something that would have been unlikely but for Principi's investigation. *See Barger,* 348 F.3d at 1296. Morrow-Kitchings' knowledge of this

suit and her motive to conceal it constitute evidence from which the court logically deduces deliberate manipulation of the judicial system as a matter of fact.

It is irrelevant that Morrow-Kitchings amended her bankruptcy petition to disclose this suit after the Rule 56 motion was filed. The Eleventh Circuit spoke to this precise issue in *Burnes*. The court explained:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [the plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.

*Burnes*, 291 F.3d at 1288. The *Burnes* court could just as easily have been describing Morrow-Kitchings' amendment to her bankruptcy petition. There is no way to know for sure what Morrow-Kitchings would have done *vis-a-vis* her creditors if Principi had not caught her red-handed.

This case is distinguishable from *Parker* because the timing of events and totality of circumstances indicate Morrow-Kitchins acted deliberately. *See* 2004 WL 813174. In *Parker*, the debtor disclosed her discrimination claim to her Chapter 7 bankruptcy trustee before the defendant employer moved to dismiss on the basis of judicial estoppel. Here, just as in *Burnes*, the debtor made no move to disclose her discrimination suit to the

bankruptcy court until after the defendant employer moved to dismiss based on judicial estoppel. 291 F.3d at 1288.

Furthermore, in a Chapter 13 bankruptcy case, in contrast to a Chapter 7 case like *Parker*, the debtor retains control and possession of her property. As a result, "[i]t can be argued that a debtor's right to 'use' property of the estate would include the debtor's right to continue to prosecute or defend a cause of action that became property of the Chapter 13 estate." 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 3.45, at 3-38 (2d ed.1994). Morrow-Kitchings had no trustee to look after her creditors. She was the maker of her fate and made her fateful choice not to list this case.

### Conclusion

The court will grant Principi's motion by separate order.

DONE this __27th__ day of April, 2004.

*/s/ William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE